**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TURKCELL İLETİŞIM HIZMETLERI A.Ş. ) <br> AND EAST ASIAN CONSORTIUM B.V. , ) <br> ) <br>     Plaintiffs, ) <br> v. ) <br> ) <br> MTN GROUP, LTD. AND MTN ) <br> INTERNATIONAL (MAURITIUS) LTD., ) <br> ) <br>     Defendants. ) | Civil Action No. 12-00479 (RBW) |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION FOR AN ORDER TO SHOW CAUSE AS TO WHY
THIS COURT SHOULD NOT COMPEL TURKCELL TO CONSENT AND FOR
<u>AN ORDER TO EXPEDITE</u>**

**FRESHFIELDS BRUCKHAUS
DERINGER US LLP**
701 Pennsylvania Avenue, NW, Suite 600
Washington, DC 20004-2692
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
Attorneys for Defendants

In its response to MTN's Motion, Turkcell does not dispute whether this Court should see the Award—Turkcell only disputes whether the Court should see it *now*. In its attempt to delay the Court's review of the Award, Turkcell has, paradoxically, accused MTN of using this Motion as a delay tactic and characterized this Motion as a discovery request appropriate for a later stage of this case. *See* Pls.' Resp. 4-5, 5 n.3, 9-12. MTN has requested neither a delay nor a discovery order. Far from it. MTN has requested that this Court allow MTN to put evidence before the Court that is likely to resolve this litigation long before discovery begins. Moreover, to characterize this request as a discovery request misses the point. MTN is not asking Turkcell to produce any documents. MTN has the Award. So does Turkcell. Instead, as an unorthodox motion *in limine* to fit an unusual situation, MTN is asking this Court to allow it to rely upon documents that both MTN and Turkcell possess without violating any confidentiality obligations.

To delay the inevitable use of the Award in this litigation, Turkcell has made a series of arguments much more properly suited for Turkcell's response to MTN's upcoming motion to dismiss concerning whether the Award could satisfy the requirements of *res judicata* and collateral estoppel. For instance, Turkcell argues that *res judicata* and collateral estoppel are not appropriate bases for a motion to dismiss by ignoring the D.C. decisions cited by MTN and instead pointing to inapposite decisions from other jurisdictions. Pls.' Resp. 12-14. Turkcell's argument is nonsense. This Court has repeatedly dismissed cases for *res judicata* relying on prior arbitration awards. *See* Defs. Motion 8, 8 n.1.

Moreover, even the decisions that Turkcell cites show that *res judicata* is an appropriate defense for a motion to dismiss where no facts are at issue. *See Concordia v. Bendekovic*, 693 F.2d 1073, 1075-76 (11th Cir. 1982) (recognizing *res judicata* as an appropriate defense in a motion to dismiss where court takes judicial notice of evidence of prior proceedings); *Scott v. Khulmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (affirming Federal Rule 12(b)(6) dismissal on grounds of *res judicata*). Any suggestion by Turkcell that facts are at issue in applying *res judicata* or collateral estoppel to the Award is a red herring. The obvious solution to the problem Turkcell poses is simple: allow MTN submit the Award, permit the parties to make their arguments and then have the Court decided—on a fully informed basis—which side is correct.

Turkcell further argues that MTN squandered Turkcell's offer to file the Award under seal. *See* Pls.' Resp. 7 n.6. This argument is spurious at best. MTN does not object to filing under seal, even though Turkcell has provided no reason to do so, *TIG Ins. Co. v. Firemen's Ins. Co. of Washington, D.C.*, 718 F. Supp. 2d 90, 94-95 (D.D.C. 2010) (simply asserting that a motion contains confidential information does not support request to file under seal). Indeed, Turkcell can identify no prejudice it would suffer, other than potentially losing the motion to dismiss, if MTN is permitted to cite to the Award in its motion to dismiss.

MTN does, however, object to violating its confidentiality undertaking with IEDC. Because Turkcell has effectively invited MTN to violate a confidentiality agreement while simultaneously suing MTN for violating a separate confidentiality

agreement, Compl. ¶¶ 245-58, MTN has been forced to bring this Motion before the Court.[1]

In addition to presenting irrelevant arguments, Turkcell also misrepresents its knowledge of the facts of this case. The truth is that Turkcell knew of the "backbone" of its case no later than February or March, 2011, when Mr. Kilowan presented Turkcell and its counsel with hundreds of purloined and confidential MTN documents, *see* Declaration of Timothy P. Harkness Exh. A (Transcript of Deposition of Christian Kilowan) 812:4-814:21, not in October, 2011 as Turkcell contends, Resp. 6. Furthermore, Turkcell stretches the deposition testimony of Christian Kilowan well beyond its breaking point. Mr. Kilowan testified that he has lied before about the issues in this case. *See id.* 863:5-865:9. He also testified that he has been a paid witness of Turkcell in the BIT arbitration and that he is negotiating with a Turkcell employee (who he would not name) to be paid by Turkcell in this case. *See id.* 947:10-950:22. And, he admitted that much of his testimony is based on hearsay. *See id.* 755:19-762:5. Mr. Kilowan's testimony, therefore, proves nothing.

*[Remainder of this page intentionally left blank.]*

---

[1] Because these arguments and Turkcell's other arguments do not really concern this Motion, MTN will not address the remainder of Turkcell's arguments in this Reply Memorandum, but will instead reserve its right to respond to them in future filings as they are raised.

With respect to the remainder of Turkcell's arguments, MTN refers once again to the arguments set forth in its initial memorandum in support of this Motion and respectfully requests that this Court grant MTN's Motion and such additional relief as the Court may deem just and proper.

Dated:  May 30, 2012

Respectfully submitted,

**FRESHFIELDS BRUCKHAUS DERINGER US LLP**

/s/ Timothy J. Coleman
Timothy J. Coleman (#436415)
Timothy P. Harkness (admitted *pro hac vice*)
Pamila Gudkov (admitted *pro hac vice*)
Mia L. Havel (#994371)
701 Pennsylvania Avenue, N.W., Suite 600
Washington, D.C. 20004-2692
tim.coleman@freshfields.com
timothy.harkness@freshfields.com
mila.gudkov@freshfields.com
mia.havel@freshfields.com